IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IRENE M. PHILLION, Individually and as Personal Representative of the, Estate of LAWRENCE W. PHILLION, KATHLEEN A. KIRST AND JACQUELINE GARRETT, | § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | Civil Action No. _____ |
| HOME DEPOT U.S.A., INC., | § § | |
| Defendant. | § | **JURY DEMANDED** |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Home Depot"), who files this its Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1.      Home Depot is the Defendant in a civil action pending in the 122nd Judicial District Court of Galveston County, Texas entitled *Irene M. Phillion, Individually and as Personal Representative of the Estate of Lawrence W. Phillion, Kathleen A. Kirst and Jacqueline Garrett vs. Home Depot U.S.A., Inc.*; Cause No. 11-CV-2026 (hereinafter referred to as the "State Court Action"). True and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a). Additionally, the list of counsel required by Local Rule 81 is attached hereto as Exhibit "C."

2.      The State Court Action was filed on December 20, 2011. Home Depot was served with Plaintiffs' Original Petition on January 9, 2012. Plaintiffs' Original Petition asserts wrongful death and survivorship claims based on theories of negligence, and seeks actual damages arising

from the death of Lawrence W. Phillion.  Plaintiffs' Original Petition alleges that on or about December 31, 2011[sic], Lawrence Phillion was at a Home Depot store in Clearlake Shores, Texas, and using a toilet with the reasonable expectation that its seat was secure, when the seat shifted off the toilet, causing Mr. Phillion to sustain serious injuries that were disabling and incapacitating. Specifically, wrongful death claims are brought under the Texas Wrongful Death Act (Tex. Civ. Pract. & Remedies Code section 71.002 by Irene Phillion, as surviving spouse, and Kathleen Kirst and Jacqueline Garrett, as surviving daughters, of Mr. Phillion—claims that could not be brought unless the Plaintiffs are claiming that the accident was the proximate cause of Mr. Phillion's death. Plaintiffs' Original Petition does not specify the amount of damages sought by Plaintiffs. However, due to the Plaintiffs' wrongful death claims (seeking all damages available under the Wrongful Death Act), the fact that Plaintiffs are claiming that the accident caused the death of Mr. Phillion and caused him related medical expenses, physical pain, mental anguish, and funeral expenses, and the fact that Plaintiffs are seeking recovery of exemplary damages, it is likely that Plaintiffs are each seeking damages in excess of $75,000.00.  This Notice of Removal, therefore, is timely filed within thirty (30) days of service of process of Plaintiffs' Original Petition upon Home Depot.  *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

3.      Plaintiffs Irene Phillion, Kathleen Phillion, and Jacqueline Garrett are citizens of the State of Texas.

4.      Home Depot is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Therefore, Home Depot is a citizen of the States of Delaware and Georgia.

5.      Consequently, the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that all Plaintiffs and all defendants are now, and were at the time this action commenced, diverse in citizenship from each other.

6.      Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

7.      Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiffs and will further file a copy of this Notice of Removal with the County Clerk of Galveston County, Texas, where the action was previously pending.

8.      **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this action.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case styled *Irene M. Phillion, Individually and as Personal Representative of the Estate of Lawrence W. Phillion, Kathleen A. Kirst and Jacqueline Garrett vs. Home Depot U.S.A., Inc.*; Cause No. 11-CV-2026, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,


By:    /s/ Arthur K. Smith
        Arthur K. Smith
        Attorney-in-Charge
        Texas State Bar No.  18534100
        Southern District No. 2705

        LAW OFFICES OF ARTHUR K. SMITH,
        A Professional Corporation
        507 Prestige Circle
        Allen, Texas  75002
        Telephone:  (469) 519-2500
        Facsimile:  (469) 519-2555

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.


**CERTIFICATE OF SERVICE**

On the 23rd day of January, 2012, a true and correct copy of the foregoing was delivered via certified mail, return receipt requested, to plaintiffs through their counsel of record.


        /s/ Arthur K. Smith
        Arthur K. Smith


151012.78\Notice of Removal

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IRENE M. PHILLION, Individually and as Personal Representative of the, Estate of LAWRENCE W. PHILLION, KATHLEEN A. KIRST AND JACQUELINE GARRETT, | § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | Civil Action No. _____ |
| HOME DEPOT U.S.A., INC., | § § | |
| Defendant. | § | **JURY DEMANDED** |

## INDEX OF DOCUMENTS FILED WITH NOTICE OF REMOVAL

**EXHIBIT A**   Index of Documents Filed with Notice of Removal

**EXHIBIT B**   State Court Documents

| TAB NO. | STATE COURT DOCUMENT | DATE |
|---------|----------------------|------|
| 1 | Court's Civil Docket Sheet | N/A |
| 2 | Plaintiff's Original Petition | 12/20/11 |
| 3 | Civil Citation for Defendant Home Depot U.S.A., Inc. (served 1/9/12) | 12/28/11 |
| 4 | Civil Case Information Statement – Notice of Status Conference Setting on 3/22/12 | 1/2/12 |
| 5 | Defendant Home Depot U.S.A., Inc.'s Original Answer to Plaintiffs' Original Petition | 1/20/12 |

**EXHIBIT C**   List of Counsel of Record

---

# EXHIBIT A
## INDEX OF STATE COURT DOCUMENTS FILED WITH NOTICE OF REMOVAL

# EXHIBIT "B-1"

Logout My Account Search Menu New Case Search Refine Search Back          Location : District Civil and Family Court   Images

# CASE SUMMARY
## CASE NO. 11-CV-2026

| | |
|---|---|
| Phillion, Irene M., Indiv., etc., et al, et al vs. Home Depot U.S.A, Inc., et al, et al | §<br>§<br>§<br>§<br>§<br>§ |

| | |
|---|---|
| Case Type: | **Injury/Damage - Other** |
| Subtype: | **Personal Injury** |
| Date Filed: | **12/20/2011** |
| Location: | **122nd District Court** |
| Judicial Officer: | **Ellisor, John** |

---

### PARTY INFORMATION

**Lead Attorneys**

**Defendant**  **Home Depot Store No. 6560**
                Austin, TX 78701

**Defendant**  **Home Depot U.S.A, Inc., et al**
                Austin, TX 78701

**Plaintiff**  **Garrett, Jacqueline S**

**Timothy R. Hightower**

*Retained*

832-433-7279(W)
832-431-4288(F)

**Plaintiff**  **Kirst, Kathleen A**

**Timothy R. Hightower**

*Retained*

832-433-7279(W)
832-431-4288(F)

**Plaintiff**  **Phillion, Irene M., Indiv., etc., et al**

**Timothy R. Hightower**

*Retained*

832-433-7279(W)
832-431-4288(F)

**Plaintiff**  **Phillion, Lawrence P**

**Timothy R. Hightower**

*Retained*

832-433-7279(W)
832-431-4288(F)

---

### EVENTS & ORDERS OF THE COURT

|  | **OTHER EVENTS AND HEARINGS** |
|---|---|
| 12/20/2011 | **Original Petition - OCA** |
| 12/20/2011 | **Correspondence from Attorney**<br>*cover letter* |
| 12/28/2011 | **Citation Issuance - Work Product**<br>*iss 2 cits. x 8.00 given to atty amp* |
| 12/28/2011 | **Request for Service**<br>*req for 2 cits x 8.00 given to amp for iss* |
| 01/02/2012 | **Information Sheet - for Case Filing** |
| 03/22/2012 | **Status Conference**  (9:30 AM) (Judicial Officer Ellisor, John) |

---

**Unofficial Record**

# EXHIBIT "B-2"

7

CAUSE NO. 11CV2026

11 DEC 20  PM 2:52 LC

| | | |
|---|---|---|
| IRENE M. PHILLION, INDIV. AND AS | § | IN THE DISTRICT COURT OF |
| PERSONAL REP. OF THE ESTATE OF | § | |
| LAWRENCE W. PHILLION, | § | |
| KATHLEEN A. KIRST, AND | § | |
| JACQUELINE GARRETT | § | |
| | § | |
| | § | GALVESTON COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| HOME DEPOT U.S.A., INC. AND | § | 122 JUDICIAL DISTRICT |
| HOME DEPOT STORE NO. 6560 | § | |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiffs Irene M. Phillion, Individually and as Personal Representative of the Estate of Lawrence P. Phillion, Kathleen A. Kirst, and Jacqueline S. Garrett (collectively referred to as "Plaintiffs"), complaining of Home Depot U.S.A., Inc. and Home Depot Store No. 6560 ("Defendants") and for cause of action would respectfully show as follows:

### I.

Plaintiffs intend to conduct discovery under Level II, pursuant to 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.

Plaintiff Irene M. Phillion is a resident of Harris County, Texas.

Plaintiff Kathleen A. Kirst is a resident of Galveston County, Texas.

Plaintiff Jacqueline S. Garrett is a resident of Galveston County, Texas.

$25.00

SLC 3-22-13

11- CV- 2026
DCORPET
Original Petition - OCA
322546

Defendant, Home Depot U.S.A., Inc., is a foreign entity doing business in the State of Texas and may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

Defendant, Home Depot Store No. 6560, is an entity doing business in the State of Texas and may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

Plaintiffs specifically invoke the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Home Depot Store No. 6560" with regards to the events described in this Petition.  Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

### III.

This Court has jurisdiction and venue is proper in Galveston County, Texas pursuant to Texas Civil Practice & Remedies Code §15.002(a) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County.

### IV.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

*Plaintiffs' Original Petition - 2*

## V.

Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from; including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, maintenance records, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## VI.

On or about December 31, 2011, during normal business hours, Lawrence W. Phillion ("Mr. Phillion"), deceased, entered the Defendants' business premises located at 507 FM 2094, Clearlake Shores, TX 77565.

At that time, Defendants extended an open invitation to the public, including Mr. Phillion, to enter the premises and purchase goods and services being sold by the Defendants. Mr. Phillion, a customer, entered the premises as a business invitee to whom Defendants owed the duty to use ordinary care in making its premises reasonably safe and/or warning Mr. Phillion of any dangerous conditions and/or activities existing upon the premises.

Based on information and belief, on the occasion in question, Mr. Phillion went to the men's room and sat on a toilet with the reasonable expectation that the toilet seat was secure. However, Defendants failed to ensure the bathroom was fit for use and failed to warn Mr. Phillion of the unreasonably dangerous condition (an unsecured toilet seat). The seat shifted off

*Plaintiffs' Original Petition - 3*

the toilet when Mr. Phillion was in the process of relieving himself and caused Mr. Phillion to fall hard to the floor between the toilet and the wall. The fall proximately caused Mr. Phillion to suffer serious injuries which were disabling and incapacitating and other damages more specifically described herein.

### VII.

On the occasion in question, the Defendants, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

2. In failing to correct the unreasonably dangerous condition which was created by the unsecured toilet seat of the premises in question;

3. In failing to warn invitees, including the Plaintiff of dangerous condition of the premises in question;

4. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the unsecured toilet seat in question;

5. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

6. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

7. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe; and

8. In failing properly and adequately to supervise and oversee the store so as to prevent unreasonably dangerous conditions from existing on its premises.

Each of the above negligent acts and omissions constitute a breach of the duties owed by Defendants and such breach was a proximate cause of the injuries and damages suffered by

*Plaintiffs' Original Petition - 4*

Plaintiffs. In this regard, Defendants were negligent, and this negligence was a proximate cause of Plaintiffs' injuries and damages.

## VIII.

Pleading further, Plaintiffs would show that Defendants owed a duty to patrons, clients, and customers, including Mr. Phillion, to exercise ordinary care in the manner in which it maintained its premises.

Plaintiffs would further show that Defendants failed to use ordinary care in these respects, including but not limited to failing to properly supervise Defendants' personnel, failing to implement adequate policies, procedures and safeguards to ensure that unreasonably dangerous conditions were corrected or remedies so as to prevent the condition that resulted in Mr. Phillion's fall, and failing to provide adequate oversight for such employees.

The condition of the toilet posed an unreasonable risk of harm to invitees of Defendants of which Defendants knew, or reasonably should have known.

Defendants failed to exercise ordinary care to protect Mr. Phillion from the danger by both failing to remedy and/or correct the unsafe condition and by failing to adequately warn Mr. Phillion of the unsafe condition.

Each of the above negligent acts and omissions constitute a breach of the duties owed by Defendants and such breach was a proximate cause of the injuries and damages suffered by Mr. Phillion, deceased, and Plaintiffs. In this regard, Defendants were negligent, and this negligence was a proximate cause of Plaintiffs' injuries and damages.

## IX.

As a necessary and proximate result of the aforementioned acts and omissions of negligence by the Defendant, Plaintiffs sustained damages which they are entitled to recover.

Mr. Phillion's wife, Irene M. Phillion, sues individually as a Wrongful Death Beneficiary pursuant to TEX. CIV. PRAC. & REM. CODE § 71.002 and as the Personal Representative of Mr. Phillion's Estate pursuant to TEX. CIV. PRAC. & REM. CODE § 71.021 and claims damages for:

1. Reasonable and necessary medical expenses in the past;

2. Physical pain in the past;

3. Mental anguish in the past and future;

4. Physical impairment in the past;

5. Funeral expenses;

6. Loss of advice and counsel;

7. Loss of spousal services;

8. Loss of companionship and society; and

9. Exemplary damages.

Mr. Phillion's daughters, Kathleen A. Kirst and Jacqueline S. Garrett, sue as Wrongful Death Beneficiaries pursuant to TEX. CIV. PRAC. & REM. CODE § 71.002 and claim damages for:

1. Loss of advice and counsel;

2. Loss of parental services;

3. Mental anguish in the past and future;

4. Loss of companionship and society; and

5. Exemplary damages.

## X.

In addition to the above mentioned and foregoing allegations, Plaintiffs further plead that

they are entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited

in terms of law to appear and answer herein and that upon final trial and hearing hereof, that

Plaintiffs recover damages from Defendants in accordance with the evidence; that Plaintiffs

recovers costs of court herein expended; that Plaintiffs recovers interest to which Plaintiffs are

justly entitled under the law, both prejudgment and post-judgment; that Plaintiffs recovers actual

damages; that Plaintiffs are entitled to recover compensatory damages; and for such other further

relief, both general and special, both in law and in equity, to which your Plaintiffs may be justly

entitled.

Respectfully submitted,

**HIGHTOWER, RUSSO & CAPELLAN**

By:_____

    Timothy R. Hightower
    State Bar No. 00795421
    Ivan J. Capellan
    State Bar No. 24065001
    639 Heights Blvd.
    Houston, Texas 77007
    (832) 433-7279
    (832) 431-4288 (fax)

**COUNSEL FOR PLAINTIFFS
IRENE M. PHILLION, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF LAWRENCE P.
PHILLION, KATHLEEN A. KIRST, AND
JACQUELINE S. GARRETT**

*Plaintiffs' Original Petition - 7*

# EXHIBIT "B-3"

CIVIL CITATION UPON WHOM

THE STATE OF TEXAS

CAUSE NO. 11-CV-2026 - 122nd District Court

**Phillion, Irene M., Indiv., etc., et al, et al vs. Home Depot U.S.A, Inc., et al, et al**

TO:   Home Depot USA Inc et al
      c/o Registered Agent
      Corporation Service Company d/b/a CSC-
      Lawyers Inc
      211 E 7th Street Suite 620
      Austin TX 78701

Upon whom process of service may be had by serving:  **Registered Agent, Corporation Service Company,  211 E. 7th Street, Suite 620, Austin Texas 78701**

Greeting:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion,  a default judgment may be taken against you. Said written answer may be filed by mailing same to : District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the  **122nd District Court of Galveston County sitting in Galveston, Texas, and the  ; Original Petition - OCA** was filed  ; on this the **20th day of December, 2011**. It bears cause number  **11-CV-2026** and see the attached petition/motion for named parties to the suit.

The name and address of the Movant or the attorney of record is:

Timothy R Hightower                    **Attorney / Pro Se**
639 Heights Blvd
Houston TX  77007

The nature of the demands of said Movant is shown by a true and correct copy of the  ; **Original Petition - OCA** and made a part hereof. If this citation is not served, it shall be returned unserved.

Issued and given under my hand and the seal of said court at Galveston, Texas,  on this the **28th day of December, 2011.**

ATTEST:
**JASON E. MURRAY**, District Clerk
Galveston County, Texas

By: _Alytha Green-Pickney_ , Deputy
    **Alytha Green-Pickney**

**NOTE: Status Conference Set:**
**03/22/12 AT  9:30 a.m.**
**SEE ATTACHED FORM**

---

OFFICER'S OR AUTHORIZED & DISINTERESTED PERSON'S RETURN

Came to hand on ___6___ day of ___JAN___ , 20_12_ at _225_ o'clock _P_ . M. and executed in _____ County, Texas by delivering to the within named **Home Depot U.S.A, Inc., et al**, by serving **Registered Agent, Corporation Service Company** in person or by registered or certified mail, return receipt requested, a true copy of this citation , with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the  ; **Original Petition - OCA**, at the following times and places, to-wit:

| Name | Date | Time of Service | Place |
|------|------|-----------------|-------|
|      | 1-9-2012 |             |       |

Fee – Serving: _____

Amount: _____      Name of Officer or Authorized & Disinterested Person

_____ County, Texas

By _____      Signature of Deputy or Authorized & Disinterested Person

Authorized & Disinterested Person's Verification:
On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____, 20___.

Notary's Name Printed _____

Notary Public In and for the State of Texas _____

Commission Expires _____

# EXHIBIT "B-4"

# THE DISTRICT COURTS OF GALVESTON COUNTY
# CIVIL CASE INFORMATION STATEMENT

> The case Information Statement is for administrative purposes only. It shall be filed with the Parties
> Original Pleadings and shall be served upon all other parties to the action. All Status Conferences will
> be set for Thursdays following 90 days from the date of filing.

## Notice of Status Conference Setting: Please calendar this event
### Location: 122nd District Court
### Date and time: 03/22/2012 at 9:30 a.m.

### 11-CV-2026 - 122nd District Court

### Phillion, Irene M., Indiv., etc., et al, et al vs. Home Depot U.S.A, Inc., et al, et al

Name of Primary Attorney filing this form

Bar No. _____

Address _____

City _____ State _____ Zip _____
(     )
Phone No. _____ Fax No. _____

Name of Opposing Attorney, if known

Bar No. _____

Address _____

City _____ State _____ Zip _____
(     )
Phone No. _____ Fax No. _____

Briefly describe the case, including special characteristics that may warrant extended discovery or
accelerated disposition.
If discovery **LEVEL 3** is requested, explain why.  Attach additional sheets, if necessary.

Estimated time for discovery _____

Estimated trial time _____

Do you presently anticipate adding any parties? _____

If so when? _____

**Level Assignment Preferred: (please check one)**

| Level 1 | Level 2 | Level 3 |
|---|---|---|
| $50,000  or  less | All Other Cases | Court Order Only |

Is this case suitable for ADR? (yes or no) _____

ADR Method? _____

Signature of Attorney _____

Date signed _____

Printed Name of Attorney: _____

# EXHIBIT "B-5"

CAUSE NO. 11-CV-2026

| | | |
|---|---|---|
| IRENE M. PHILLION, Individually | § | IN THE DISTRICT COURT OF |
| and as Personal Representative of the, | § | |
| Estate of LAWRENCE W. PHILLION, | § | |
| KATHLEEN A. KIRST AND | § | |
| JACQUELINE GARRETT, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | 122nd JUDICIAL DISTRICT |

### DEFENDANT HOME DEPOT U.S.A., INC.'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Home Depot U.S.A, Inc., (and hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered cause, and for its Original Answer to Plaintiffs' Original Petition would respectfully show unto the Court as follows:

### I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

### II.

Pleading further, Defendant affirmative alleges that Lawrence W. Phillion's own negligence was the sole proximate cause, or alternatively, a proximate cause of the incident made the basis of this suit and Plaintiff's damages, if any.

### III.

Pleading further, in the unlikely event Defendant is found at fault, the amount recovered for past medical or health care expenses incurred by Plaintiff is limited by Section 41.0105 of the Texas Civil Practice and Remedies Code.

### IV.

In the alternative, Defendant further pleads that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by one or more third parties over whom Defendant had no control or right of control.

### V.

By way of affirmative defense, Home Depot asserts that Lawrence W. Phillion failed to mitigate his damages, if any.

### VI.

Pleading further and in the alternative, Defendant would show that any damages and/or injuries to Lawrence W. Phillion were caused, in whole or in part, by incidents, events, and/or medical conditions that pre-existed the incident alleged in Plaintiffs' petition, and for which Defendant bears no responsibility.

### VII.

Pleading further and in the alternative, Defendant would show that Lawrence W. Phillion's injuries and/or damages, if any, were caused by events, incidents, and/or medical conditions which occurred or developed subsequent to the incident complained of in Plaintiffs' Original Petition, and for which Defendant bears no responsibility.

### VIII.

Defendant would further affirmatively invoke the limits of liability provided under Chapter

---

41 of the Texas Civil Practice & Remedies Code, including, but not limited to, those limits set forth in Sections 41.001 through 41.013. Specifically the limit of liability should be in conformance with the amount set forth in Section 41.008 of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this action and that Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
a Professional Corporation

By: _____
    Arthur K. Smith
    State Bar No. 18534100

    507 Prestige Circle
    Allen, Texas 75002
    Telephone: (469) 519-2500
    Facsimile: (469) 519-2555

    ATTORNEYS FOR DEFENDANT
    HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th of January, 2012, a copy of the foregoing pleading was forwarded via First Class U.S. Mail to Plaintiffs' counsel of record.

_____
Arthur K. Smith

# EXHIBIT C
### INFORMATION TO BE FILED WITH NOTICE OF REMOVAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IRENE M. PHILLION, Individually and as Personal Representative of the, Estate of LAWRENCE W. PHILLION, KATHLEEN A. KIRST AND JACQUELINE GARRETT, | § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. _____ |
| HOME DEPOT U.S.A., INC., | § § | |
| Defendant. | § § | **JURY DEMANDED** |

## <u>INFORMATION TO BE FILED WITH NOTICE OF REMOVAL</u>

**List of all Parties in the Case, their Party Type, and Counsel**

| <u>Party and Party Type</u> | <u>Attorney(s)</u> |
|---|---|
| Irene M. Phillion, Individually and as Personal Representative of the Estate of Lawrence W. Phillion, Kathleen A. Kirst and Jacqueline Garrett<br>*Plaintiffs* | Timothy R. Hightower<br>State Bar No. 00795421<br>Hightower, Russo & Capellan<br>639 Heights Blvd.<br>Houston, TX 77007<br>Telephone: (832) 433-7279<br>Facsimile: (832) 431-4288 |
| Home Depot U.S.A., Inc.<br>*Defendant* | Arthur K. Smith<br>State Bar No. 18534100<br>LAW OFFICES OF ARTHUR K. SMITH,<br>A Professional Corporation<br>507 Prestige Circle<br>Allen, TX 75002<br>Telephone: (469) 519-2500<br>Facsimile: (469) 519-2555 |

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Irene M. Phillion, Indiv. & as Personal Representative of the Estate of Lawrence W. Phillion, Kathleen A. Kirst and Jacqueline Garrett

**DEFENDANTS**

Home Depot U.S.A., Inc.

(b) County of Residence of First Listed Plaintiff   Harris
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Timothy R. Hightower, Hightower, Russo & Chapellan, 639 Heights Blvd., Houston, TX 77007 832-433-7279

Attorneys (If Known)

Arthur K. Smith, Law Offices of Arthur K. Smith, 507 Prestige Circle, Allen, TX  75002 469-519-2500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
premises liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ *unspecified*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   1/23/2012

SIGNATURE OF ATTORNEY OF RECORD   /s/ Arthur K. Smith

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____